UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CHRISTOPHER SCHNEIDER,

        Petitioner,

                                          Case Number 11-15690
v.                                           Honorable David M. Lawson

STEVEN RIVARD,

        Respondent.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE AND TO WITHDRAW AS COUNSEL

The petitioner filed a petition for a writ of habeas corpus through counsel on December 29, 2011. The Court referred the petition to the magistrate judge and the magistrate judge filed a report and recommendation on April 12, 2013. The petitioner filed an objection to the report and recommendation on April 24, 2013.

On July 10, 2013, the petitioner filed a motion to stay proceedings and hold the petition in abeyance. The petitioner states that he is presently represented by Marilena B. David-Martin of the Michigan's State Appellate Defender Office (SADO) and that he wishes to stay his habeas petition so he can return to state court to raise an issue of ineffective assistance of counsel. In order to raise that issue before the state court at this stage of the proceedings, the petitioner will need to allege that his state appellate counsel, also an attorney from SADO, was ineffective for failing to raise the issue on direct appeal in state court. SADO believes that the possibility of its prior ineffectiveness being raised creates a conflict of interest with the petitioner, and therefore counsel seeks to withdraw as counsel for the petitioner in this matter.

Because the petitioner's present attorney raises the prospect of a conflict of interest in her continuing representation of the petitioner, the Court will grant counsel's request to withdraw and permit the petitioner to proceed *pro se*. However, the Court will not grant the petitioner's motion to stay the proceedings and hold the petition in abeyance. District courts possess authority to issue stays when a stay would be a proper exercise of discretion. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "does not deprive district courts of that authority, but it does circumscribe their discretion." *Ibid.* (internal citation omitted). A stay of proceedings must be compatible with the AEDPA's twin purposes of reducing delay in the execution of criminal sentences and encouraging the finality of state court judgments. *Ibid.* Stay and abeyance are available only in limited circumstances, such as when the petitioner shows "good cause" for the failure to exhaust claims first in state court, the unexhausted claims are not plainly meritless, and the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78.

The legal issues presented in the magistrate judge's report and recommendation and the petitioner's objections are ready for the Court's adjudication. The Court sees no good cause to stay the case at this late stage. Granting a stay and holding the petition abeyance would be incompatible with the AEDPA's purposes. Therefore, the Court will deny the petitioner's request to stay the proceedings and hold the petition in abeyance.

Accordingly, it is **ORDERED** that the petitioner's motion to stay proceedings, hold petition in abeyance, and withdraw as counsel [dkt. #9] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Marilena B. David-Martin of the State Appellate Defender Office is **WITHDRAWN** as counsel for the petitioner in this case.

It is further **ORDERED** that the motion is denied in all other respects.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 19, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 19, 2013.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---