UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES C. SCHNEIDER,

       Petitioner,

              CASE NO.  2:11-CV-15690
v.              JUDGE DAVID M. LAWSON
              MAGISTRATE JUDGE PAUL J. KOMIVES

STEVEN RIVARD,

       Respondent.
_____/

OPINION AND ORDER DENYING PETITIONER'S MOTIONS TO AMEND THE HABEAS
PETITION (docket #13 & 14)

I.     OPINION

A.    *Background*

Petitioner James C. Schneider was charged with several counts of criminal sexual conduct arising from his alleged repeated sexual molestation of his adopted daughter. The bulk of the evidence against petitioner came from the victim, who was 18 years old at the time of trial. She testified, generally, that petitioner assaulted her approximately every other night from the time she was eight or nine years old. The assaults included fondling of her breasts and vagina both over and under her clothes, and penetration of her vagina with his fingers. Following a jury trial in the Wayne County Circuit Court, petitioner was convicted of three counts of first degree criminal sexual conduct (CSC-I), MICH. COMP. LAWS § 750.520b(1)(a), (b); one count of second degree criminal sexual conduct (CSC-II), MICH. COMP. LAWS § 750.520c(1)(a); and two counts of third degree criminal sexual conduct (CSC-III), MICH. COMP. LAWS § 750.520d(1)(d). On December 29, 2011, after exhausting his state court appeals, petitioner filed, through counsel, an application for the writ

of habeas corpus raising three grounds for relief that had been presented in the state courts:

    I.    MR. SCHNEIDER WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL WHEN JURORS IMPROPERLY USED OUTSIDE EXPERIENCES DURING DELIBERATIONS. THE TRIAL COURT ERRED WHEN IT DENIED MR. SCHNEIDER'S POST-CONVICTION MOTION FOR AN EVIDENTIARY HEARING ON THIS ISSUE.

    II.    IN PROHIBITING ADMISSION OF COMPLAINANT'S PRIOR SEXUAL KNOWLEDGE TO IMPEACH HER TESTIMONY THAT SHE DID NOT KNOW WHAT THE TERM "PENETRATION" MEANT, THE TRIAL COURT VIOLATED MR. SCHNEIDER'S SIXTH AMENDMENT RIGHTS TO CONFRONTATION AND TO PRESENT A DEFENSE.

    III.    MR. SCHNEIDER WAS DEPRIVED OF HIS RIGHT TO PRESENT A DEFENSE BECAUSE THIS COURT DETERMINED THAT MRE 702 PRECLUDED HIS EXPERT FROM TESTIFYING AT TRIAL REGARDING CHARACTERISTICS OF CHILD SEXUAL ABUSERS.

On April 12, 2013, I filed a Report recommending that the District Judge deny petitioner's habeas application and deny petitioner a certificate of appealability. That Report and Recommendation remains pending before Judge Lawson. Subsequently, petitioner's counsel filed a motion to withdraw as counsel and for a stay of proceedings. Counsel informed the Court that petitioner wished to exhaust an additional ineffective assistance of appellate counsel claim in the state courts, a claim which created a conflict with counsel necessitating his withdrawal. The Court granted the motion to withdraw, but denied petitioner's request for a stay. After counsel withdrew petitioner filed two motions to amend his habeas application. Judge Lawson referred the motions to me for hearing and determination pursuant to 28 U.S.C. § 636(b).

In his first motion, petitioner seeks to add a claim that the evidence presented at trial was insufficient to prove beyond a reasonable doubt the "sexual penetration" and "sexual contact" elements of the CSC convictions. In his second motion, petitioner seeks to add a claim that counsel was ineffective for failing to present an expert witness to oppose the expert testimony presented by

the prosecution. Because each of these claims is without merit, leave to amend would be futile, and the motions will be denied.

B. *Legal Standard*

Rule 15 of the Federal Rules of Civil Procedure, which is applicable to this habeas corpus action, *see Mayle v. Felix*, 545 U.S. 644 (2005); 28 U.S.C. § 2242, provides that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). As the Supreme Court has stated, "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Nevertheless, as *Foman* makes clear there are certain situations in which it is appropriate to deny leave to amend. One such circumstance is when amendment would be "futil[e]." *Foman*, 371 U.S. at 182; *see also*, *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003). Amendment is futile when the proposed amendment is subject to dismissal under Rule 12(b)(6), that is, when the proposed amendment fails to state a claim upon which relief may be granted. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307 (6th Cir. 2000); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

Because the claims petitioner seeks to add to his petition have never been presented to the state courts, they are unexhausted and leave to amend would necessarily be futile unless the Court also granted petitioner a stay so that he could return to state court to exhaust these claims. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court considered the intersection of the total exhaustion

rule–which requires a court to dismiss a mixed petition containing exhausted and unexhausted claims–and the habeas statute's one year limitations period, which does not toll the time spent pursuing an unexhausted claim in federal court. Recognizing "the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike," *id.* at 275, the Court approved, at least in some circumstances, the lower courts' use of the so-called "stay and abeyance" procedure. "Under this procedure, rather than dismiss the mixed petition . . . a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 275-76. Balancing the interests served by the habeas statute's finality and timeliness requirements against the petitioner's interest in having his claims adjudicated in a federal habeas proceeding, the Court concluded that stay-and-abeyance is permissible, but "should be available only in limited circumstances." *Id.* at 277. Specifically, stay-and-abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." *Id.* Further, even where good cause is present, the court should not grant a stay where the unexhausted claims are plainly meritless. *See id.* Additionally, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* at 278.

C.      *Analysis*

Here, each of petitioner's proposed claims is plainly meritless. Thus, leave to amend to add these claims would be futile, and a stay is not appropriate under *Rhines*.[1]

---

[1]Because these claims obviously have not been adjudicated by the state courts, I assess their merit *de novo*, rather than under the deferential AEDPA standard of review. *See* 28 U.S.C. § 2254(d) (establishing deferential standard of review for "any claim that was adjudicated on the merits in State court proceedings[.]").

    1.    *Sufficiency of the Evidence*

In his first proposed claim, petitioner contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt.

*a. Legal Standard*

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Reviewing courts must view the evidence, draw inferences and resolve conflicting inferences from the record in favor of the prosecution. "[I]t is the responsibility of the jury–not the court–to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S. Ct. 2, 4 (2011) (per curiam). The *Jackson* standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012) (per curiam) (quoting *Jackson*, 443 U.S. at 319). Likewise, a reviewing court "do[es] not make credibility determinations in evaluating the sufficiency of the evidence." *United State v. Owusu*, 199 F.3d 329, 344 (6th Cir. 2000); *see also*, *United States v. Bailey*, 444 U.S. 394, 424-25 (1980) ("It is for [jurors] and not for appellate courts to say that a particular witness spoke the truth or fabricated a cock-and-bull story."). It is the job of the jury, not this Court sitting on habeas review, to resolve conflicts in the evidence, and this Court must presume that the jury resolved those conflicts in favor

of the prosecution. *See Jackson*, 443 U.S. at 326. As the Court has explained, "the only question under *Jackson* is whether [the jury's finding] was so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065.

While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977); *see also*, *Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, "under *Jackson*, federal courts must look to state law for 'the substantive elements of the criminal offense,' but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman*, 132 S. Ct. at 2064 (citation omitted) (quoting *Jackson*, 443 U.S. at 324 n.16).

*b. Analysis*

Petitioner was convicted of three counts of CSC-I and two counts of CSC-III. Each of these offenses requires the prosecution to prove, *inter alia*, that petitioner engaged in "sexual penetration." MICH. COMP. LAWS §§ 750.520b(1), 750.520d(1). Under these statutes, "'[s]exual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." MICH. COMP. LAWS § 750.520a(o). Petitioner was also convicted of one count of CSC-II, which required the prosecution to prove that petitioner engaged in an act of "sexual contact." MICH. COMP. LAWS § 750.520c(1). "Sexual contact," in relevant part, "includes the intentional touching of the victim's or actor's intimate parts

. . . if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose[.]" MICH. COMP. LAWS § 750.520a(q). "Intimate parts," in turn, is defined as "the primary genital area, groin, inner thigh, buttock, or breast of a human being." MICH. COMP. LAWS § 750.520a(e).

Petitioner contends that the evidence was insufficient to prove beyond a reasonable doubt that he engaged in either sexual penetration or sexual contact, because the victim's testimony was not corroborated by any scientific evidence or eyewitness testimony. This argument is without merit. The victim testified extensively regarding the sexual abuse, and her testimony clearly established multiple acts of both sexual penetration and sexual contact. *See* Trial Tr., dated 1/7/08, at 198-231. This testimony alone, if believed by the jury, was sufficient to establish the elements of CSC-I beyond a reasonable doubt. *See United States v. Kenyon*, 397 F.3d 1071, 1076 (8th Cir. 2005) ("Even in the face of inconsistent evidence, a victim's testimony alone can be sufficient to support a guilty verdict."); *People v. Lemmon*, 456 Mich. 625, 642 n.22, 576 N.W.2d 129, 137 n.22 (1998) ( "It is a well established rule that a jury may convict on the uncorroborated evidence of a CSC victim."); MICH. COMP. LAWS § 750.520h ("The testimony of a victim need not be corroborated in prosecutions under [the criminal sexual conduct statutes]."). As noted above, in reviewing the sufficiency of the evidence this Court does not make credibility determinations, nor does it reweigh the evidence. A reviewing court may reverse a jury's credibility determinations only where the testimony is incredible as a matter of law, "such as where it was physically impossible for the witness to observe that which he claims occurred, or impossible under the laws of nature for the occurrence to have taken place at all." *United States v. Radziszewski*, 474 F.3d 480, 485 (7th Cir. 2007) (internal quotation omitted); *accord United States v. Smith*, 606 F.3d 1270, 1281 (10th

Cir. 2010); *United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009); *United States v. Gadison*, 8 F.3d 186, 190 (5th Cir. 1993). Here, the victim's testimony was not impossible based on her ability to observe or the laws of nature. The fact that her testimony may have been inconsistent with prior accounts or with the testimony of other witnesses does not render the testimony incredible on its face. *See United States v. Patterson*, 23 F.3d 1239, 1244 n.5 (7th Cir. 1994). Nor is the victim's testimony insufficient on its own merely because it was not corroborated by any physical evidence. "Lack of physical evidence does not render the evidence that is presented insufficient." *United States v. Magallanez*, 408 F.3d 672, 681 (10th Cir.2005); *see also*, *O'Hara v. Brigano*, 499 F. 3d 492, 500 (6th Cir. 2007) (victim's testimony alone sufficient even though not corroborated by other witnesses or physical evidence); *United States v. Bieghler*, 198 Fed. Appx. 566, 568 (8th Cir. 2006) ("'[F]orensic evidence' is not required for conviction.").

As the Supreme Court explained, the *Jackson* standard does not permit "fine-grained factual parsing" of the evidence by a reviewing court, *Coleman*, 132 S. Ct. at 2064, nor does it permit this Court to reweigh the conflicts in the evidence or assess the credibility of the witnesses. The trier of fact was free to draw any reasonable inferences from the evidence, and to resolve the conflicts in the evidence in favor of the prosecution. Notwithstanding the lack of physical evidence, in light of the victim's testimony it cannot be said that the jury's verdict based on the circumstantial evidence was "so insupportable as to fall below the threshold of bare rationality." *Coleman*, 132 S. Ct. at 2065. Because petitioner's proposed sufficiency of the evidence claim is meritless, a stay is not appropriate under *Rhines* and leave to amend to add this claim would be futile.

    2.    *Ineffective Assistance of Counsel*

Petitioner also seeks leave to amend to add a claim that his trial counsel was constitutionally

ineffective for failing to call an expert to rebut the testimony of prosecution expert Dr. Leena Dev.

### *a. Governing Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *Id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818,

833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same).

*b. Analysis*

Petitioner contends that counsel was ineffective for failing to present an expert witness, such as Dr. Michael Abramsky, who could have rebutted Dr. Dev's testimony "buttressing the victim's credibility." This claim is without merit.

Counsel did, in fact, attempt to present Dr. Abramsky as an expert regarding patterns and behaviors of child molesters. In *People v. Dobek*, 274 Mich. App. 58, 732 N.W.2d 546 (2007), the court had rejected a similar claim involving sex-offender profile testimony. The court in that case concluded, based on the testimony of the expert at an evidentiary hearing in the trial court, that the testimony was not sufficiently reliable under MICH. R. EVID. 702. The court noted that the defendant's expert testified that although the results of his testing are useful for establishing predisposition, they cannot establish whether someone is a sex offender with any degree of certainty, that there is continued debate in the psychological community regarding this type of testing and the research is ongoing, and that the test results can be skewed by circumstances in the subject's life or by deliberate deception. *See id*. at 95-96, 732 N.W.2d at 571-72. Although recognizing that "100 percent scientific certainty" is not required, the problems identified by the defendants' expert rendered the sex offender profiling evidence insufficiently reliable to satisfy Rule 702. Further, the court explained, this evidence would not assist the trier of fact, but would likely confuse the jury. The court analogized the profiling evidence to polygraph evidence, which is not admissible because it detracts from the jury's truth finding function. *See id*. at 96-97, 732 N.W.2d at 572. Relying on *Dobek*, the court of appeals in petitioner's case concluded that the offender profile testimony was

inadmissible under Rule 702, concluding that the proposed testimony was "not scientifically reliable or supportable and would not assist the trier of fact to understand the evidence or determine a fact in issue" because "the profile indicators are based on overly simplistic probabilities that have little or no connective logic to determining whether a sex offense was committed in this specific case or whether defendant committed the charged offenses." *Schneider I*, 2007 WL 1202322, at *4. The Michigan Court of Appeals has repeatedly concluded that this type of sex offender profile evidence is not admissible, *see People v. Steele*, 283 Mich. App. 472, 481-82, 769 N.W.2d 256, 264 (2009); *People v. Dobek*, 274 Mich. App. 58, 94-104, 732 N.W.2d 546, 571-76 (2007), including in cases involving such testimony from Dr. Abramsky, *see People v. Schneider*, No. 273421, 2007 WL 1202322, at *4-*6 (Mich. Ct. App. Apr. 24, 2007) (per curiam); *People v. Bales*, No. 267756, 2007 WL 1203536, at *6 (Mich. Ct. App. Apr. 24, 2007) (per curiam); *People v. Winer*, No. 267299, 2007 WL 1138399, at *2 (Mich. Ct. App. Apr. 17, 2007). And the Michigan Court of Appeals's view is "far and away the majority view among all the state courts." *Bowen v. Haney*, 622 F. Supp. 2d 516, 544 (W.D. Ky. 2008).

With respect to securing Dr. Abramsky's testimony to rebut Dr. Dev's "buttressing" of the victim's credibility, petitioner has presented no reason to conclude that Dr. Abramsky could have provided any testimony regarding the victim's credibility, as opposed to the sex offender profile evidence defense counsel sought to introduce through Dr. Abramsky. More fundamentally, Dr. Dev did not provide any testimony buttressing the victim's credibility. Dr. Dev testified to her physical examination of the victim, noting (helpfully to the defense) that the victim did not report any penetration, and there was no injury to the victim. *See* Trial Tr., dated 1/9/08, at 20-21, 26. At no point in her testimony did Dr. Dev offer any opinion regarding the victim's credibility; she did not

11

state that the victim was in fact credible, nor did she offer any testimony that the victim's demeanor was consistent with sexual assault victims. *See id*. at 10-52.

In light of Dr. Dev's actual testimony at trial, this case is far from *Byrd v. Trombley*, 580 F. Supp. 2d 542 (E.D. Mich. 2008) (Battani, J., adopting report and recommendation of Komives, M.J.), *aff'd*, 352 Fed. Appx. 6 (6th Cir. 2008), upon which petitioner relies. In *Byrd*, the Court found that counsel was ineffective for failing to investigate and present an expert witness to challenge the doctor who performed the physical examination of the victim, and a psychologist who evaluated the victim. The physician testified that there was a notch in the victim's hymen that was consistent with sexual assault and unlikely to have resulted from an accident. Counsel "conducted no investigation into this medical testimony, notwithstanding the fact that there was evidence of a 'straddle' type bicycle injury presented at petitioner's . . . trial, and a significant body of scientific literature describing straddle injuries to the hymen in the absence of sexual abuse." *Id*. at 557-58. Further, counsel conducted "no independent investigation with regard to [the psychologist's] testimony that the complainant's testimony, symptoms, and behavior in the courtroom were consistent with her having been the victim of sexual abuse." *Id*. at 558. Here, on the contrary, Dr. Dev's medical testimony did not suggest that the victim had been injured as a result of sexual abuse. On the contrary, Dr. Dev explicitly testified that she found no physical injury on the victim. Further, unlike in *Byrd*, neither Dr. Dev nor any other prosecution witness bolstered the victim's credibility by testifying that the victim's behavior or symptoms were consistent with her having been the victim of sexual abuse. Counsel's strategic decisions regarding what witnesses to call at trial are "virtually unchallengeable." *Awkal v. Mitchell*, 613 F.3d 629, 641 (6th Cir. 2010). The Court's "concern is not to decide, using hindsight, what [it] think[s] would have been the *best* approach at trial. Instead,

[the Court] consider[s] only if the approach ultimately taken was within 'the wide range of reasonable professional assistance' given the circumstances." *English v. Romanowski*, 602 F.3d 714, 728 (6th Cir. 2010) (quoting *Strickland*, 466 U.S. at 689).  Here, counsel could have reasonably concluded that an expert witness was not necessary to rebut any testimony given by Dr. Dev.  Her medical testimony, as noted above, was somewhat supportive of petitioner's defense that the victim had not been sexually assaulted, and at worst was neutral as she made no physical findings corroborating a sexual assault.  Nor did the prosecution present any expert psychological testimony, through Dr. Dev or otherwise, regarding the victim's credibility.  Thus, unlike in *Byrd*, there was no psychological testimony that an expert such as Dr. Abramsky could have rebutted.  In these circumstances, petitioner cannot show that counsel was ineffective for failing to secure a defense expert.  *See Thomas v. Conway*, No. 07–CV–6311T, 2010 WL 2330360, at *6 (W.D.N.Y. June 7, 2010) ("Because the prosecution's witnesses testified that the results of the victim's examinations may or may not be indicative of sexual abuse, there would be nothing for a defense expert to contest."); *Affser v. Murray*, No. 04 CV 2715, 2008 WL 2909367, at *5 (E.D.N.Y. July 28, 2008) (counsel not ineffective for failing to call experts where "no prosecution expert interpreted the physical evidence as affirmatively indicative of abuse" and "petitioner's case did not turn on defense counsel's understanding the 'vagaries of abuse indicia.'").  Because petitioner cannot show that counsel was ineffective for failing to call an expert, a stay would be inappropriate under *Rhines* and leave to amend to add this claim would be futile.

II.  ORDER

In view of the foregoing, it is ORDERED that petitioner's motions to amend are hereby DENIED.  The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of

13

fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

    IT IS SO ORDERED.

                      s/Paul J. Komives
                      PAUL J. KOMIVES
                      UNITED STATES MAGISTRATE JUDGE

Dated:  November 20, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 20, 2013.

                      s/ Kay Doaks
                      Case Manager