UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES C. SCHNEIDER,

                Petitioner,

                                     Case Number 11-15690

v.                                 Honorable David M. Lawson
                                     Magistrate Judge Paul J. Komives

STEVEN RIVARD,

                Respondent.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PETITIONER'S OBJECTIONS, AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court are the petitioner's objections to a report issued by Magistrate Judge Paul J. Komives recommending that petitioner James C. Schneider's petition for a writ of habeas corpus be denied. Schneider was convicted by a Wayne County, Michigan jury of sexual misconduct crimes involving his step-daughter, alleged to have occurred over several years beginning when she was eight or nine years old. He is currently serving a prison sentence for those crimes. He filed his habeas corpus petition through counsel, who filed objections to Judge Komives's report and recommendation. The Court has conducted a *de novo* review of the petition, response, and state court record in light of the objections filed, and agrees with the magistrate judge's conclusions. Therefore, the Court will overrule the objections, adopt the magistrate judge's recommendation, and deny the petition.

I.

The magistrate judge thoroughly discussed the facts of the case and its procedural history. It need not be repeated here. The claims raised in the habeas petition deal with alleged juror misconduct, and the trial court's adverse evidentiary rulings. One ruling curtailed the scope of the

petitioner's cross-examination of the victim, and the other prevented him from offering evidence of a sexual predator profile, apparently for the purpose of showing how he did not match it.  Judge Komives concluded that the state courts decided these issues in a manner that was consistent with Supreme Court precedent, and therefore the petitioner did not carry his burden of showing that the state courts' rulings were contrary to or unreasonably applied federal constitutional law.

## II.

Objections to a magistrate judge's report and recommendation are reviewed *de novo*.  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge . . . may accept, reject, or modify, in whole or in part, the findings to which objection is made."  28 U.S.C. § 636(b)(1).  The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general."  *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

## A.

The magistrate judge applied the deferential review standard mandated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court," or it amounted to "an unreasonable

-2-

determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (holding that the AEDPA requires a federal habeas court to review state court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's ruling." (quoting *Yarborough v. Alvarado*, 541 U.S. 652 (2004))).  The Sixth Circuit observed recently that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges."  *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012).

The petitioner has not questioned the application of that standard in this case.

## B.

The petitioner's first claim is based on a note one of the jurors sent to the trial judge during deliberations indicating that "deliberations had reached an impasse and 'people are using their opinions based on experiences in the past.'"  *People v. Schneider*, No. 285666, 2010 WL 1330627, at *1 (Mich. Ct. App. Apr. 6, 2010).  The petitioner argues that the juror's revelation suggested that the deliberations were tainted by improper extraneous influences, and the state courts should have held an evidentiary hearing to explore the extent of the impropriety.  Addressing that claim, the magistrate judge cited Sixth Circuit cases that relied on *Tanner v. United States*, 483 U.S. 107 (1987), where the Supreme Court distinguished between internal influences, which cannot upset a jury verdict, and extraneous juror influences, which could require "a hearing in which the defendant has the opportunity to prove bias."  *Smith v. Phillips*, 455 U.S. 209, 215 (1982).  He noted that "internal influences include the behavior of jurors during deliberations, the jurors' ability to hear or comprehend trial testimony, and 'physical or mental incompetence of a juror,'"  *United States v.*

-3-

*Herndon*, 156 F.3d 629, 634-35 (6th Cir. 1998) (quoting *Tanner*, 483 U.S. at 118), and that external influences required outside contacts, such as importing information beyond the record into the deliberations, or "a bribe attempt on a juror," or news media contacts that disseminate information about the case. *Id.* at 635. The magistrate judge concluded that a juror's reliance on his own experiences that did not include personal experiences with the parties constituted internal influences, and therefore no hearing was required to explore any potential corruption of the deliberations.

The petitioner's objection concedes the premise that reliance on personal experiences are internal influences, and that jurors are entitled to draw on past experiences (not involving the specific facts of the case) while deliberating. The petitioner takes issue, however, with the conclusion that the juror's complaint was limited to other jurors using personal experiences. The petitioner's allegations rest on the following exchange between the trial court and the juror:

> Juror Nine: Well, can I say something? People are using their own opinions based on experiences in the past.
>
> The Court: Oh, all righty. Well, that's troublesome, okay.
>
> The Court: Yeah, that's a problem. And so you're saying that based on what you perceive happening in the jury room that other factors are being considered than just the evidence that's presented?
>
> Juror Nine: Yes.

Trial Tr., Vol. IV, Jan. 10, 2008 at 9. The petitioner insists that the reference to "other factors" in the trial judge's question created an obligation to hold a hearing to investigate whether outside influences had been introduced into the deliberations. He seeks such a hearing in this Court.

There are several problems with the petitioner's argument. First, the state courts considered the evidence in the record — which included an affidavit from Juror Nine — and concluded that the juror's complaint did not address extraneous influences at all. The court found that "[i]n this case,

-4-

the juror's affidavit spoke to factors regarding the discussions that occurred during deliberations."

*People v. Schneider*, 2010 WL 1330627, at *3. There is no reference in the record to any outside

influence, and the trial court's restatement of the juror's concern did not inject such an influence in

the case. That finding is presumed correct, and the petitioner has the burden of rebutting it with

"clear and convincing evidence." 28 U.S.C. § 2254(e)(1). He has not done so here.

Second, the AEDPA has severely constricted the petitioner's right to obtain an evidentiary

hearing on this issue. The statute prohibits this Court from holding an evidentiary hearing where

the petitioner "has failed to develop the factual basis of a claim in State court proceedings" unless

the petitioner can show that:

> (A) the claim relies on--
>> (i) a new rule of constitutional law, made retroactive to cases on collateral
>> review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered
>> through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and
> convincing evidence that but for constitutional error, no reasonable factfinder would
> have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Here, the petitioner procured an affidavit from Juror Nine and filed it in the

state court. However, there is nothing in the affidavit that suggests that the deliberations were

influenced by extraneous matters, nor does it even echo the trial judge's statement that "other

factors" were at work. Because the petitioner apparently was not able to produce such evidence in

the state court, there is no reason to believe he could do so here. More importantly, he has not

shown that such evidence "could not have been previously discovered through the exercise of due

diligence."

Third, "[u]nder AEDPA, evidentiary hearings are not mandatory." *Johnson v. Mitchell*, 585

F.3d 923, 934 (6th Cir. 2009) (quoting *Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003)); *cf.*

*Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.").  The AEDPA permits a habeas petitioner to introduce new evidence in federal court "only if [the petitioner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met."  *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004) (citing *Williams v. Taylor*, 529 U.S. 420, 431-37 (2000)); *see also Garner v. Mitchell*, 502 F.3d 394, 405-06 (6th Cir. 2007), *rev'd on other grounds*, 557 F.3d 257 (6th Cir. 2009).  Section 2254(e)(2) defines "fault" as occurring where the petitioner "has failed to develop the factual basis of a claim in State court proceedings."  28 U.S.C. § 2254(e)(2).  The Supreme Court has explained that "a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."  *Williams*, 529 U.S. at 432; *see also Ivory v. Jackson*, 509 F.3d 284, 297-98 (6th Cir. 2007).  "Diligence" requires "a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court."  *Williams*, 529 U.S. at 435.  There is no evidence in this record that supports the notion that the petitioner tried but was unable to unearth information relating to extraneous influences that were brought to bear on the jury deliberations, despite Juror Nine's complaint.

Finally, the Sixth Circuit has taken the stance that "the Supreme Court's decision in *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388 (2011), prohibits [federal courts] from considering new evidence in [a habeas] case."  *Hodges v. Colson*, 727 F.3d 517, 541 (6th Cir. 2013).  The *Pinholster* Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Id.* at 1398.  The court of appeals observed that the

Supreme Court viewed the statute's language as is "backward-looking"; therefore, habeas review "requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court." *Hodges*, 727 F.3d at 541 (quoting *Pinholster*, 131 S. Ct. at 1389). The court determined that evidentiary hearings under section 2254(e)(2) are available only in cases in which the deferential standard of review prescribed in section 2254(d)(1) does not apply.

For these reasons, the magistrate judge correctly concluded that habeas relief was not available to the petitioner on his first claim.

C.

In his second claim, the petitioner contends that his right to cross-examine the victim was curtailed improperly when the trial judge prevented him from inquiring about the victim's prior sexual history. The petitioner presented a logical reason for that inquiry. Dr. Leena Dev testified at trial that during an examination, the victim told her that there had been no penetration. Penetration is an element of one of the charged crimes. At trial, the victim changed her story and said that the petitioner had digitally penetrated her. She explained the inconsistency by stating that she did not know what "penetration" meant when she had her conversation with Dr. Lev. The petitioner sought to cross-examine the victim about her sexual activity to show that her explanation of the prior inconsistent statement was false. The trial judge ruled that the petitioner could not question the victim about other sexual relationships, and the state court of appeals held that the limitation was required by the state's rape-shield statute.

The magistrate judge believed that the state courts' rulings did not unreasonably apply Supreme Court precedent interpreting the Confrontation Clause. Discussing *Davis v. Alaska*, 415

-7-

U.S. 308 (1974), the magistrate judge observed that statutes limiting cross-examination rights generally fall when they interfere with a defendant's right to show a witness's bias or motive for testifying, but not when they limit a general attack on a witness's credibility. The petitioner's objection focuses on that distinction; he argues that *Davis* must be read more broadly.

There certainly is language in *Davis* that supports the petitioner's argument:

> Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness. One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness. By so doing the cross-examiner intends to afford the jury a basis to infer that the witness' character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony. The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness.

*Davis*, 415 U.S. at 316. The Court also discussed "a more particular attack" on a witness's credibility in the form of exposing bias and a motive for testifying against an accused. *Ibid.* And, as the magistrate judge observed, the facts of *Davis* tended toward the later form of impeachment, not the former. That apparently led Justice Stewart to write in his concurring opinion that although the majority recognized a Sixth Amendment right to expose bias, "the Court neither holds nor suggests that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions." *Id.* at 321 (Stewart, J., concurring).

The distinction drawn by Justice Stewart — between general and specific attacks on witness credibility — took hold. It has led the Sixth Circuit to conclude that "federal courts have adhered to the fine line drawn in *Davis* and [*Delaware v.*] *Van Arsdall*, [475 U.S. 673 (1986),] finding

cross-examination constitutionally compelled when it reveals witness bias or prejudice, but not when it is aimed solely to diminish a witness's general credibility." *Boggs v. Collins*, 226 F.3d 728, 737-38 (6th Cir. 2000). The magistrate judge cited *Boggs* and observed that the difference in the type of cross-examination — specifically directed at exposing bias, or "merely" showing a lack of credibility — has constitutional implications. The petitioner has not provided a convincing argument as to why that distinction, which *Boggs* has made part of this circuit's Confrontation Clause jurisprudence, can be disregarded. Therefore, his objection must be overruled.

## D.

The petitioner's third argument is that he was denied the right to present a defense when the state courts prevented him from offering expert testimony describing the profile of a sexual abuser so that he could show that he did not fit that profile. The magistrate judge rejected that argument primarily because the petitioner did not base the claim on any federal right; his discussion cited only state evidence law. The magistrate judge also noted that there was no Supreme Court case that held that the exclusion of sexual offender profile testimony abridged an accused's right to prevent a defense.

In his objections, the petitioner cites *Chambers v. Mississippi*, 410 U.S. 284 (1973), and argues that state evidence laws must yield to constitutional rights when evidence "directly affecting the ascertainment of guilt" is precluded. However, the petitioner fails to develop that argument in any meaningful way.

Moreover, courts generally will not consider arguments on review that were not raised before the magistrate judge. As the Sixth Circuit has explained in a similar circumstance:

> Petitioner did not raise this [new] claim in his initial . . . motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation.

> The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) (stating that the Magistrate Judges Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"), *rev'd on other grounds*, *United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc); *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him."). The objection raises arguments not placed before the magistrate judge and must be overruled.

III.

The Court agrees with the magistrate judge's statements of the law and his analysis. The Court concludes that the petitioner is not in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation [dkt #8] are **OVERRULED**, and the petitioner's motion requesting the Court to reject the report and recommendation [dkt. #22] is **DENIED**.

It is further **ORDERED** that the report and recommendation [dkt #7] is **ADOPTED**.

It is further **ORDERED** that the petitioner's objections to the magistrate judge's order denying his motions to amend or correct the petition [dkt. #21] are **DENIED as moot**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 3, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 3, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI